UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GREGORIO VERGARA, JR., and<br>GREGORY'S PALLET, INC.,<br><br>　　　　Defendants. | CR No. 18 CR 00091-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1341: Mail Fraud; 7 U.S.C. § 7734(a)(1)(A): Use of ISPM-15 Stamp Without Authority; 18 U.S.C. § 2(a): Aiding and Abetting; 18 U.S.C. § 2(b): Causing an Act to be Done] |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. §§ 1341, 2(a), 2(b)]

A.　INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

The Defendants

1.　Defendant GREGORY'S PALLET, INC. ("GPI") was a California corporation, located in La Puente and Pomona, California. Defendant GPI constructed, refurbished, repaired, and recycled wooden pallets for sale to customers in the Los Angeles area. Defendant GPI did

not own or possess the equipment necessary to heat treat wooden pallets in order for them to be sold for use in international commerce.

2.   Defendant GREGORIO VERGARA, JR. ("VERGARA") was the Vice President/Controller of defendant GPI.  As Vice President/Controller, defendant VERGARA supervised and controlled the refurbishing, recycling, and repair of wooden pallets.  He also supervised and controlled the purchases of wooden pallet materials, and sales of wooden pallets by defendant GPI to its customers.  He was also responsible for ensuring compliance with all local, state and federal laws and regulations regarding the sale of wooden pallets.

The Regulatory Background

3.   The Plant Protection Act (7 U.S.C. § 7701, et seq.) ("PPA") authorized the Secretary of Agriculture to "certify as to the freedom of plants, plant products, or biological control organisms from plant pests or noxious weeds, or the exposure of plants, plant products, or biological control organisms to plant pests or noxious weeds, according to the phytosanitary or other requirements of the countries to which the plants, plant products, or biological control organisms may be exported."  7 U.S.C. § 7718.

4.   Wooden pallets were the most common type of wood packaging material ("WPM").  WPM was pervasive in international commerce due to its use in storing and preventing damage to commodities.  WPM was also a recognized pathway for the introduction and spread of pests

in international commerce. Highly destructive wood borers and beetles had been introduced into countries through the importation of untreated WPM.

5. To limit the entry and spread of pests in international commerce, the International Plant Protection Convention ("IPPC") approved on March 15, 2002, the International Standards for Phytosanitary Measures: Guidelines for Regulating Wood Packaging Material in International Trade, or ISPM-15. ISPM-15 required WPM, including wooden pallets, to be heat treated or chemically treated and to be stamped with an ISPM-15 stamp of compliance.

6. Regulations promulgated by the Secretary of Agriculture pursuant to the PPA defined an ISPM-15 stamp, as "[a] certificate issued by a representative of the concerned agricultural or forestry industry under the terms of a written agreement with the Animal and Plant Health Inspection Service, giving assurance that a plant product has been handled, processed, or inspected in a manner required by a foreign government." The regulations provided that "[a]n industry-issued certificate includes an ISPM-15 quality/treatment mark." 7 U.S.C. § 7718.

7. Pursuant to a May 3, 2011 Memorandum of Understanding, the authorization to issue ISPM-15 stamps was granted by the U.S. Department of Agriculture's Animal and Plant Health Inspection Service to the American Lumber Standards Committee ("ALSC"), a domestic industry non-profit organization comprised of manufacturers, distributors, users, and business consumers of

lumber. A valid ISPM-15 stamp bore an ISPM-15 number unique to the designated heat-treating facility and the trademark of the authorized ALSC member that issued the ISPM-15 number. Stamps used on pallets that bore a valid ISPM-15 number and the trademark was an indication that the pallets were manufactured or recycled and heat treated in compliance with IPPC standards.

8. Defendants VERGARA and GPI had never been issued an ISPM-15 stamp in accordance with the PPA to certify that they had heat treated wooden pallets for use in international commerce.

9. Defendants VERGARA and GPI had never been authorized to heat treat wooden pallets for use in international commerce.

B. THE SCHEME TO DEFRAUD

10. Beginning no later than in or about March 2012, and continuing until in or about April 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants VERGARA and GPI, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud customers as to material matters and to obtain money from customers, by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

11. Defendants VERGARA and GPI carried out the fraudulent scheme, in substance, in the following manner:

   a. Defendants VERGARA and GPI would sell, and offer to sell, heat-treated wooden pallets to its customers for use in international commerce.

     b.    Defendants VERGARA and GPI would mark all wooden pallets with an ISPM-15 stamp representing to their customers that the wooden pallets had been heat-treated in accordance with United States statutes and regulations.

     c.    Defendants VERGARA and GPI would use the United States Postal Service to deliver invoices and documents to their customers, and to receive payment checks from their customers, all in relation to the sale of heat-treated wooden pallets for use in international commerce.

     d.    In truth and in fact, as defendants VERGARA and GPI well knew, and contrary to the representations made to their customers for heat-treated wooden pallets, and others:

         i.    Defendants VERGARA and GPI were not authorized by the United States to heat treat wooden pallets for use in international commerce;

         ii.    Defendants VERGARA and GPI did not possess an authorized ISPM-15 stamp; and

         iii.    Defendants VERGARA and GPI did not heat treat any of the wooden pallets sold to their customers for use in international commerce.

12.    To carry out the fraudulent scheme, defendants VERGARA and GPI, and others known and unknown to the Grand Jury, engaged in and caused others to engage in the following fraudulent and deceptive acts, practices, and devices, among others:

     a.    In or about February 2013, defendant VERGARA knowingly obtained a fraudulent stamp bearing the ISPM-15 number "US 17044 HT."

  b. The stamp obtained by defendant VERGARA was fraudulent because that ISPM-15 number had actually been issued to another company, an ALSC member authorized to heat treat wooden pallets.

  c. The stamp was also fraudulent because it did not bear a required ALSC trademark. At the time defendant VERGARA obtained the fraudulent ISPM-15 stamp bearing the ISPM number "US 17044 HT," he knew full well that neither he nor defendant GPI was authorized to use the fraudulent stamp to represent that wooden pallets sold by defendant GPI had been heat treated as required by the PPA.

  d. From in or about March 2012 until in or about April 2014, defendant VERGARA knowingly stamped wooden pallets, and caused others at defendant GPI to fraudulently stamp wooden pallets with ISPM-15 number "US 17044 HT," and to falsely represent that the wooden pallets had been heat treated, when in fact he knew the wooden pallets had never been heat treated.

  e. From in or about March 2012 until in or about April 2014, defendants VERGARA and GPI caused invoices with the letters "HT" (for "heat treated") to be sent via the United States Postal Service, to customers of defendant GPI, falsely representing that the wooden pallets sold to them had been heat treated.

 13. By deceiving their victims into paying money based on the above misrepresentations, defendants VERGARA and GPI induced approximately nine victims to pay by mail approximately $380,000 for the purchase of at least 60,000 pallets falsely stamped as heat treated.

C. <u>USE OF THE MAILS</u>

 14. On or about the dates set forth below, in Los Angeles

6

County, within the Central District of California, and elsewhere, defendants VERGARA and GPI, and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, willfully caused, and aided and abetted, the following items to be placed in an authorized depository for mail matter to be delivered by the United States Postal Service, according to the directions thereon:

| COUNT | DATE | ITEM MAILED |
|---|---|---|
| ONE | 2/28/13 | Payment check in the amount of $1,243.00 from Container Company A for the sale of wooden pallets that were fraudulently represented to be heat-treated |
| TWO | 7/29/13 | Payment check in the amount of $405.00 from Container Company B for the sale of wooden pallets that were fraudulently represented to be heat-treated |
| THREE | 9/12/13 | Payment check in the amount of $497.20 from Container Company A for the sale of wooden pallets that were fraudulently represented to be heat-treated |
| FOUR | 11/12/13 | Payment check in the amount of $540.00 from Container Company B for the sale of wooden pallets that were fraudulently represented to be heat-treated |
| FIVE | 4/10/14 | Payment check in the amount of $745.80 from Container Company A for the sale of wooden pallets that were fraudulently represented to be heat-treated |

## COUNT SIX

[7 U.S.C. § 7734(a)(1)(A); 18 U.S.C. § 2(b)]

Beginning in or about and no later than March 2012, and continuing until in or about April 2014, in Los Angeles County, within the Central District of California, and elsewhere, defendants GREGORIO VERGARA, JR. and GREGORY'S PALLET, INC. knowingly used and willfully caused the use of a stamp marked with ISPM-15 number "US-17044 HT" without authority from the Secretary of the United States Department of Agriculture.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH O. JOHNS
Assistant United States Attorney
Chief, Environmental and
Community Safety Crimes Section

DANIEL W. DOOHER
Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources
Division
Environmental Crimes Section